**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4564**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

STEVEN CROCKETT, SR.,

        Defendant – Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Andre M. Davis, District Judge. (1:06-cr-00445-AMD-1)

Submitted: March 3, 2011        Decided: March 21, 2011

Before MOTZ, AGEE, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James Wyda, Federal Public Defender, Sapna Mirchandani, Staff Attorney, Greenbelt, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Bonnie S. Greenberg, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Steven Crockett, Sr., pled guilty pursuant to a plea agreement to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C.A. § 922(g)(1) (West 2000 & Supp. 2010). Based, in part, on his prior Maryland conviction for second degree rape, in violation of Md. Code Ann., Crim. Law § 3-304 (LexisNexis Supp. 2010), Crockett was sentenced under the Armed Career Criminal Act, 18 U.S.C.A. § 924(e) (West 2000 & Supp. 2010) ("ACCA"), to 210 months in prison. Crockett appeals his sentence, asserting that the district court erred when it determined that his prior rape conviction qualified as a violent felony under the ACCA. Finding no error, we affirm.

We discern no error in the district court's determination that under the facts of this case, Crockett's rape conviction was a proper ACCA predicate offense. In particular, after recognizing the ambiguity created by Maryland's second degree rape statute, the district court appropriately allowed the Government to introduce into evidence the transcript of Crockett's state guilty plea colloquy to determine whether Crockett "necessarily admitted" facts amounting to a violent felony under the ACCA. See Johnson v. United States, ___ U.S. ___, 130 S. Ct. 1265, 1273 (2010) (recognizing that the district court may look to plea colloquy transcripts to

2

determine whether a prior conviction constitutes an ACCA predicate under the modified categorical approach).

We also conclude that the district court correctly observed that while Crockett may have initially been reluctant to admit to the State's factual summary for his rape, which indicated that Crockett's rape was forceful, Crockett ultimately conceded that he was guilty of the crime summarized by the State and was "fine with [his] plea." Although the state court invited Crockett to comment on the Government's factual scenario, Crockett chose not to do so. We reject Crockett's assertion that this Court's holding in United State v. Alston, 611 F.3d 219, 220-21 (4th Cir. 2010) (holding that a prior conviction for Maryland second-degree assault did not constitute an ACCA violent felony where the defendant entered an Alford[*] plea), requires a different result.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*] North Carolina v. Alford, 400 U.S. 25, 38 (1970) (finding no constitutional error when a defendant waives trial and consents to punishment without admitting guilt to the charge).

3